WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Longview Financial Group Incorporated, | No. CV-13-02412-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Tsarina Lau Branyan, | |
| Respondent. | |

Pending before the Court is Longview Financial Group, Inc.'s Petition to Confirm Arbitration Award. For the following reasons, the Petition is granted.

## BACKGROUND

In February 2013, Petitioner Longview Financial Group Incorporated ("Longview") filed a Statement of Claim against Respondent Branyan with the Financial Industry Regulatory Authority ("FINRA"). (Doc 1, Ex. 1.) The underlying arbitration alleged that Branyan and others had improperly received kickbacks from issuers of securities for selling away securities from Longview. (*Id.*) FINRA's Director of Arbitration served copies of the Statement of Claim by certified mail upon Branyan at her address of record as stated in her Form U-4. (Doc. 37, Ex. F.) Per FINRA's rules, Branyan was required to update her address in the Form U-4 for a period of two years after termination of her association with any firm. *See* FINRA, NASD Notice to Members 97-31.

Branyan failed to appear or answer the Statement of Claim, and on July 27, 2012, Longview filed a motion for default judgment. (Doc. 1.) On August 14, 2012, FINRA

1  granted the motion for default judgment, and on May 2, 2013 a single arbitrator in a
2  default proceeding entered an award against Branyan in the amount of $190,690.00. (*Id.*,
3  Ex. 1.) The arbitrator found that Branyan had been properly served as evidenced by an
4  executed receipt card for the Statement of Claim. (*Id.*)

5  Longview requests confirmation of the arbitration award pursuant to the Federal
6  Arbitration Act, 9 U.S.C. § 9. (Doc. 1.) Branyan argues that the award is both
7  substantively and procedurally flawed and should be vacated or modified. (Doc. 13.)

## DISCUSSION

The Federal Arbitration Act ("FAA") enumerates the limited grounds on which a federal court may vacate, modify, or correct an arbitration award. 9 U.S.C. §§ 9–11.[1] The Ninth Circuit has held that the FAA requires confirmation of an award "even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential–Bache Trade Svcs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003). In addition, the Ninth Circuit has "adopted a narrow 'manifest disregard of the law' exception under which a procedurally proper arbitration award may be vacated." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007).

The burden of establishing the grounds on which an award may be overturned or modified rests on the challenging party, and the party is required to raise these grounds within a three-month limitations period. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 919 n.8 (9th Cir. 2009). Specifically, 9 U.S.C. § 12 states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Failure to timely raise an objection to a confirmation petition waives a party's ability to raise the statutory

---

[1] The statute permits a decision to be vacated only if (1) the award was procured by corruption or fraud, (2) the arbitrators were evidently partial or corrupt, (3) the arbitrators were guilty of misbehavior, or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. The FAA permits modification only where (1) there was a miscalculation of figures, (2) the arbitrators have awarded upon a matter not submitted to them, or (3) the award is imperfect in form.

defenses in the FAA. *Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty. v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir. 1983) (citing *Sheet Metal Workers International Association, Local 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983)).

In the present case, Longview asserts that FINRA served the arbitration award on Branyan on May 3, 2013. (Doc. 1, Ex. F.) Branyan filed her opposition to the current Petition on December 20, 2013, more than three months later. (Doc. 13.) Although Branyan does not address the § 12 limitations period in her briefing, she does assert that she was not given notice of any arbitration proceedings until December 14, 2013, when she was served the current Petition. (*Id.*) Thus, the questions to be determined by the parties' briefings are whether Branyan received notice of the arbitration proceedings and whether this notice triggered the limitations period of § 12. This analysis is guided by the burdens of proof placed on the parties.

Although the Ninth Circuit has not specified the exact burden of proof placed upon a party alleging lack of service of process in arbitration proceedings, in other cases where parties allege lack of service of process, the burden of proof is high. *See S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165–66 (9th Cir. 2007). This burden becomes steeper, requiring the party to provide "strong and convincing evidence," when there is a signed receipt of service. *Id.* A high burden of proof for a challenge to a default proceeding in arbitration comports generally with a party's burden in seeking to vacate an arbitrator's award. *See Stolt-Nielsen*, 559 U.S. at 671 (noting the "high hurdle" that challengers to arbitration awards face).

In the present case, FINRA specifically found that Branyan had received notice of the arbitration proceedings because there was an executed receipt card for service of the Statement of Claim, which was sent by certified mail to the address listed on Branyan's Form U-4. (Doc. 1, Ex. 1.) This same address was used by FINRA to send the notice of default and the arbitration award, and it was also used by Longview to send several documents to Branyan relating to the arbitration proceedings. (Doc. 1.) Branyan has

provided no evidence, apart from her bare allegations in her Opposition to the current Petition, that service was not effected. Such allegations, at least in district court default proceedings, do not provide strong and convincing evidence of lack of service. *See Am. Honda Motor Co., Inc. v. AZGrafix*, No. CV–08–0656–PHX–FJM, 2008 WL 5329062 at *1 (D. Ariz. Dec. 22, 2008); *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513–15 (N.D. Cal. 2011) ("[A] self-serving declaration is generally insufficient to defeat a signed returned of service."). It follows that Branyan was either made aware or should have become aware of the subsequent default proceedings and arbitration award entered on May 3, 2013. This is especially true because FINRA sent all of its notices by certified mail to Branyan's same address.

Because the Court finds "the award [was] filed or delivered" to Branyan on May 3, 2013, and because Branyan did not object to the award until December 20, 2013, after the limitations period of § 12 had run, Branyan waived her right to assert the statutory defenses in the FAA. 9 U.S.C. § 12.

**IT IS THEREFORE ORDERED** that Longview Financial Group, Inc.'s Petition to Confirm Arbitration Award (Doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk terminate this action.

Dated this 20th day of January, 2015.

/s/ A. Murray Snow

G. Murray Snow
United States District Judge